**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **TIM DUNCAN,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **VS.** | § | |
| | § | **C.A. No. 5:15-cv-00148** |
| | § | |
| **CHARLES BANKS,** | § | |
| *Defendant*. | § | |

---

## NOTICE OF REMOVAL

---

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Charles Banks ("Banks") hereby removes this action from the 224th Judicial District of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, and show as follows:

### STATE COURT ACTION

1.      On January 29, 2015, Tim Duncan ("Duncan") filed suit against Banks in the 224th Judicial District Court of Bexar County, Texas in an action styled *Tim Duncan v. Charles Banks,* Cause No. 2015CI01502 (the "State Court Action").  In the State Court Action, Duncan claims that Banks breached his alleged fiduciary duties to Duncan in recommending certain investments.  Duncan's allegations have no merit.

2.      At the center of the Petition filed in the State Court Action (the "Petition"), as Banks understands it, are complaints regarding: (1) a 2012 Note and Warrant Purchase Agreement between Mr. Duncan and Gameday Entertainment, LLC (the "Gameday Note") (*Pet. ¶¶* 10-13); (2) Duncan's investment pursuant to a Subscription Agreement for units of limited partner interest in Terroir Hotel and Resort Fund II, L.P. (the "Hotel LP") (*Pet. ¶* 17); (3)

Duncan's investment pursuant to a Subscription Agreement to become a limited partner in Terroir Winery Fund, LP (the "Winery LP") (*id.*); and (4) allegedly forged Guaranty and Subordination and Intercreditor Agreements (*Pet.* ¶¶ 14-16). Essentially, Duncan contends that Banks improperly steered Duncan towards these investments for Banks' personal benefit, and implies that Banks played some role in the allegedly forged Guaranty and Subordination and Intercreditor Agreements. (*See generally, Pet.*)

3.      Based on those allegations, Duncan has asserted claims against Banks for breach of fiduciary duty, money had and received/accounting, and "potential declaratory judgment." (*Pet.* ¶¶ 21-30).

4.      Banks vehemently denies Duncan's allegations.

## PROCEDURAL REQUIREMENTS

5.      With this Notice of Removal, Banks removes the State Court Action to this Court on the basis of diversity jurisdiction conferred on this Court, as more fully described below.

6.      This action is properly removed to this Court, as the State Court Action is pending within this district and division. 28 U.S.C. § 1441(a).

7.      This removal is timely. Banks is not aware of being served with a summons and copy of the Petition, although citations were issued on January 30, 2015, February 4, 2015, and February 13, 2015. Accordingly, this removal is timely under 28 U.S.C. § 1446(b) because Banks files this notice of removal less than 30 days after he was served.

8.      Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following:

(a)      An index of matters being filed is attached hereto as **Exhibit A**;

(b)      The state court docket sheet, all executed process in the case, all pleadings asserting causes of action, e.g. petitions, counterclaims, cross actions,

third-party actions, interventions and all answers to such pleadings, all orders signed by the state judge is attached hereto as **Exhibits B.1 - B.9**;[1] and

(c)   A list of all counsel of record, including addresses, telephone numbers and parties represented is attached hereto as **Exhibit C**.

9.   As the removing party, Defendant Banks consents to this removal.

10.   Simultaneously with the filing of this Notice of Removal, Banks is filing copies of this Notice of Removal in the 224th Judicial District of Bexar County, Texas, pursuant to 28 U.S.C. § 1446(d).  Banks will promptly give all parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

**BASIS FOR REMOVAL**

11.   This Court has jurisdiction over the State Court Action based on diversity jurisdiction.  Specifically, removal is proper in this case because there is complete diversity of citizenship between the parties and the alleged amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).

**A.   *Diversity of Citizenship***

12.   Duncan is a citizen of Bexar County, Texas.  *See Pet.* at ¶ 3.

13.   Banks is a citizen of Fulton County, Georgia.  *See Pet.* at ¶ 4.

14.   Consequently, there is complete diversity of citizenship among the parties.

**B.   *Amount in Controversy***

15.   Although Banks denies that Duncan is entitled to any damages, Duncan expressly seeks monetary damages in excess of $1,000,000.  *See Pet.* at ¶ 5.  As a result, on the face of the petition the amount in controversy exceeds $75,000 exclusive of interest in costs.  Removal is

---

[1] A certified copy of Banks' Original Answer was not available at the time of filing of this Notice of Removal.  A copy is attached as Exhibit B. 9.  A certified copy of the Original Answer will be provided once it becomes available.

proper where a defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional minimum. *See St. Paul Reinsurance Co. Ltd. v. Greenburg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum]."); *see also White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (affirming district court's conclusion that it was "more probable than not" that damages were over $75,000 where the total amount of relief was not stated in the petition). A defendant can meet its burden if it is "facially apparent" from the petition that the claims probably exceed $75,000, or if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002); *Ham v. Board of Pensions of the Presbyterian Church*, No. 3:04-CV-2692-P, 2005 U.S. Dist. LEXIS 3682, at *6-9 (N.D. Tex. Mar. 8, 2005); *Carnahan v. South Pac. R.R. Transp. Co*., 914 F. Supp. 1430, 1431-32 (E.D. Tex. 1995).

16.     Although Banks strongly denies that Duncan is entitled to any damages, the stated amount of the relief sought by Duncan in this matter exceeds the $75,000 jurisdictional requirement.

17.     For the reasons stated above, this Court has jurisdiction over this matter by virtue of diversity.

**JURY DEMAND**

18.     Duncan has not demanded a jury in the State Court Action.

**CONCLUSION**

19.     For these reasons, Banks asks the Court to remove this suit to the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully submitted,

By:   /s/ Janet E. Militello
      JANET E. MILITELLO
      Texas Bar No. 14051200
      LOCKE LORD LLP
      2800 JP Morgan Chase Tower
      600 Travis Street
      Houston, Texas  77002
      (713) 226-1200
      (713) 223-3717 (facsimile)
      jmilitello@lockelord.com

**ATTORNEY-IN-CHARGE FOR**
**DEFENDANT CHARLES BANKS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon the following counsel *via hand delivery, facsimile, and/or certified mail return receipt requested* on February 26, 2015.

Richard C. Danysh
J. Tullos Wells
Michael D. Bernard
Bracewell & Giuliani LLP
300 Convent Street, Suite 1500
San Antonio, Texas 78205
(210) 226-1166 – *telephone*
(800) 404-3970 - *facsimile*

      /s/ Janet E Militello
      Janet E. Militello