# Exhibit B.1

# Donna Kay M<u>c</u>Kinney

District Clerk  Bexar County

# CERTIFICATE
(Entire File)

**STATE OF TEXAS**
**COUNTY OF BEXAR**

I, <u>Daniel L. Garcia,</u> Deputy District Clerk for ***Donna Kay M<sup>c</sup>Kinney***, District Clerk of Bexar County, Texas, do hereby certify that the documents found to be in Cause Number <u>2015-CI-01502</u> and Styled <u>TIM DUNCAN vs CHARLES BANKS</u> filed in the <u>224th</u> Judicial District Court of Bexar County, Texas, and which represents the content of the entire file and certified as being held and recorded within the District Clerk's Office of Bexar County, Texas.

**GIVEN UNDER MY HAND AND OFFICIAL SEAL** of said court at the office in the City of San Antonio, Bexar County, Texas, on this the February 25, 2015.

*Donna Kay M<sup>c</sup>Kinney*
*Bexar County District Clerk*

By: _____
Daniel L. Garcia, Deputy



# Exhibit B.2

FILED
1/29/2015 5:10:17 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Maria Abilez

CIT/PPS
SAC-2

CAUSE NO. **2015CI01502**

| | | |
|---|---|---|
| TIM DUNCAN | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | **224TH** ____ JUDICIAL DISTRICT |
| V. | § | |
| | § | |
| CHARLES BANKS | § | |
| | § | |
| Defendant | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TIM DUNCAN ("Duncan") files this Plaintiff's Original Petition complaining of

CHARLES BANKS ("Banks") showing as follows:

### INTRODUCTION

1.

This is a case to recover monies Duncan lost while and after he was betrayed by Banks

who committed egregious breaches of his trust relationship with Duncan - breaches driven and

fueled by self-interest, self-dealing and greed to Duncan's substantial detriment and damage.

### DISCOVERY CONTROL PLAN

2.

Duncan intends to have discovery conducted under a Level 3 Discovery Control Plan as

more fully set out in Texas Rule of Civil Procedure 190.4.

### PARTIES

3.

Duncan is an individual residing in San Antonio, Bexar County, Texas.

4.

Banks is an individual who Plaintiff believes resides in Atlanta, Georgia.

## JURISDICTION AND VENUE

### 5.

The subject matter of this lawsuit is within this Court's jurisdiction. Pursuant to Texas Rule of Civil Procedure 47(c)(5), Duncan states that he seeks monetary relief over One Million Dollars ($1,000,000.00). Duncan also seeks judgment for all other relief to which he is entitled.

### 6.

Banks is subject to this Court's jurisdiction because the fiduciary relationship in question arose in Texas and because he has conducted business, including but not limited to the transaction or transactions at issue in this lawsuit, within Texas. Venue is proper in this court because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Bexar County, Texas.

## FACTS

### 7.

Duncan is a professional athlete. Over the years he has had substantial success in his field both professionally and financially. However, recognizing that an athlete's earning years are relatively limited, Duncan wanted to invest his earnings prudently and wisely in order to ensure a secure future for his family and provide for his ability to contribute to his community.

### 8.

Duncan met Banks during his rookie year - in approximately 1998 - while Banks was employed in the sports industry as an executive. Banks used his position as a sports industry executive to promote himself to Duncan as being a sophisticated businessman with numerous trust relationships with other athletes and sports executives. Over time and relying upon Banks'

many representations, Duncan began to trust Banks and to consider him a personal and financial advisor.

9.

Banks ultimately decided to leave his position in the sports field and strike out as a professional financial advisor and independent businessman. Duncan, again relying upon Banks' representations, retained Banks as his advisor. Based upon Banks' advice, counsel and recommendations, Duncan entered into several investments initiated at the instance of Banks. These investments were in a wide array of industries including the hotel, beauty products, sports merchandise and wine industries.

10.

One of these investments was a "Note and Warrant Purchase Agreement" with Gameday Entertainment, LLC ("Gameday Note" and "Gameday") in the face value of Seven Million Five Hundred Thousand Dollars ($7,500,000.00). Duncan was persuaded after solicitation by Banks to make such a loan to Gameday. The Gameday Note to Duncan was to be a superior note that was not subordinated to any other Gameday indebtedness. Further, Duncan was not asked and did not guarantee any indebtedness of Gameday. Payments on the note were to be made with no provisions for deductions for advisory or any other fees.

11.

Banks, upon information and belief and at all pertinent times, was acting as Chairman of Gameday or one of its parents or affiliates while acting as Duncan's financial and personal advisor. Despite the absence of provisions in the Gameday Note and using his position, Banks instructed Gameday to withhold twenty percent (20%) of the amounts due Duncan under the

Gameday Note as Banks' "fee." However, Banks did not, and does not, have any written authorization from Duncan allowing such withholding.

12.

Unfortunately, while Banks was willing to use his position with Gameday to secure payments for himself, he was not willing to ensure that Duncan's interests were protected. He failed to advise Duncan that other parties held security interests in Gameday that may take priority over Duncan's interests. He intentionally or negligently failed to ensure that Duncan's security interest was promptly recorded. He instructed or allowed Gameday to record Duncan's interest as "equity" rather than "debt" on its balance sheet. And he failed to advise Duncan that Gameday may not be able to timely make the payments due under the Gameday Note.

13.

Gameday did make some payments on the Gameday Note. However, Gameday failed to make all payments by either missing some payments or paying less than the amount otherwise due when it did make payments. Nonetheless, Gameday was always able to withhold twenty percent (20%) of its payments which, upon information and belief, was immediately paid to Banks. Duncan ultimately learned that he was not being paid his full entitlement under the Gameday Note. He confronted both Gameday and Banks who stated that Gameday was unable to immediately bring the Gameday Note current because of its current business situation. But, when confronted about the amounts withheld at Banks' instruction and for Banks' sole benefit, they stated that they would not return the wrongfully withheld payments to Duncan unless he executed an affidavit stating that Banks was not his financial or personal advisor and that Duncan fully and finally released Banks. This position by Gameday and Banks is baffling given that they contend that Duncan had "verbally authorized" the withholdings as "Banks' fee."

14.

Duncan has also since learned that Gameday, under the direction and leadership of Banks, entered into certain loan agreements with Comerica Bank in late June 2013 in an amount of at least Six Millions Dollars ($6,000,000.00) ("The Comerica Note"). More astonishing to Duncan is that Comerica Bank claimed that they possessed a Guaranty purportedly signed by Duncan in which Duncan guarantees Gameday's payment of the loan amounts to Comerica. Further, Comerica claimed that they also possessed a Subordination and Intercreditor Agreement – again purportedly signed by Duncan – in which Duncan agreed that his Gameday Note is "subordinate, junior and subject in right of payment" to The Comerica Note.

15.

Duncan did not sign either the Guaranty or the Subordination and Intercreditor Agreement nor did he authorize anyone to do so on his behalf. Despite numerous demands to both Comerica Bank, Gameday and Banks to view the originals of the Guaranty and the Subordination and Intercreditor Agreement, the originals have yet to be located or produced by either Comerica Bank, Gameday or Banks. Duncan's signatures on the Guaranty and the Subordination and Intercreditor Agreement are forgeries.

16.

Additionally, Duncan was not paid any consideration for the Guaranty and the Subordination and Intercreditor Agreement. However, guarantee payments believed to be substantial have been paid to an entity of which Banks is a one-third (1/3) owner and managing partner. The entity is Hammer Holdings.

17.

Banks also encouraged, promoted, hustled and advised Duncan to invest in several

wineries and investment funds that he controls. Banks has used these wineries and funds to

secure substantial income for himself, but they have yet to return much, if anything, to Duncan.

Needless to say, Duncan would not have invested his family's financial future in these wineries

and funds if Banks had advised him that they would be operated for Banks' benefit and to the

detriment of Duncan and the other investors. More troubling is the fact that Banks advised

Duncan to make these investments knowing that (1) Duncan was relying on him to protect his

investment and steer him toward prudent investments, and (2) Banks fully intended to operate

these wineries and funds (which were operated with substantial amounts of his client's money)

for his own personal benefit thus creating a clear conflict of interest.

18.

Banks undertook efforts designed to minimize any chance of Duncan discovering his

damages or even facts that might place Duncan on notice that there might be issues deserving

further investigation.

19.

It was not until early 2014 that Duncan first realized that there might be issues with the

manner in which Banks advised him and handled his investments. Specifically, Duncan needed

to account for his assets because of a family law proceeding and asked Banks, Gameday and the

various wineries and funds to cooperate with his attorneys and financial professionals in

gathering this information. Far from cooperating as would be expected from a client's advisor

and those managing an investor's funds, each of these entities (all of which Banks controls or

strongly influences) refused to make full disclosure of financial statements or other documents

and refused to cooperate with reasonable requests for information. When details were eventually uncovered showing improprieties or money owing but diverted, they refused to turnover such funds without Duncan releasing his rights and stating, falsely, that Banks was not his advisor.

20.

Ultimately Duncan has had to make the hard choice to file this lawsuit in order to both protect his rights and to discourage Banks from taking similar advantage of others in the future.

## CAUSES OF ACTION

*Breach of Fiduciary Duty*

21.

Duncan incorporates the factual allegations set forth in paragraphs 7 through 20 by reference as if set forth verbatim.

22.

Banks held a formal fiduciary relationship with Duncan by virtue of his status as Duncan's securities broker and financial advisor. Additionally or alternatively, Banks held an informal fiduciary relationship with Duncan by virtue of his longstanding status as a personal and financial advisor and confidant to Duncan and by virtue of the fact that he knew or reasonably should have known that Duncan was relying on him in matters related to his financial investments. Whether formal, informal or both, Banks' fiduciary relationship with Duncan extended to all matters involving the Gameday Note, the purported Guaranty and/or Subordination and Intercreditor Agreement and the winery and fund investments at issue in this lawsuit.

23.

As a fiduciary, Banks owed Duncan multiple duties, including:

a.    The duty of loyalty and utmost good faith;

b.    The duty of candor;

c.    The duty to refrain from self-dealing;

d.    The duty to act with the highest integrity;

e.    The duty of fair and honest dealing; and,

f.    The duty of full disclosure.



24.

Banks breached these duties by placing his own interests above those of Duncan, by failing to fully, fairly, and honestly disclose the nature of the various investments that he encouraged and advised Duncan to make and by otherwise engaging in self-dealing to his benefit and Duncan's detriment.

25.

Duncan has suffered damages as a direct and proximate result of Banks' breach of his fiduciary duty and Duncan will continue to suffer damages into the future. Duncan is entitled to recover the damages resulting from this breach. Duncan is also entitled to the imposition of a constructive trust on the proceeds, funds, or property obtained as a result of Banks' breach of his fiduciary duty to Duncan.

26.

Banks intended to gain benefits to which he was not entitled making his breach of his fiduciary duty to Duncan intentional and entitling Duncan to exemplary damages.

*Money Had and Received/Accounting*

27.

Duncan incorporates the factual allegations set forth in paragraphs 7 through 20 by reference as if set forth verbatim.

28.

Banks holds money that, in all equity and good conscience, belongs to Duncan. More specifically, and upon information and belief, certain payments or portions of payments from Gameday under the Gameday Note were diverted and paid to Banks. Banks should be ordered to account for and return these funds to Duncan and an injunction should issue compelling him to do so.

29.

Banks acted with fraud or malice to secure these payments for himself. Therefore, Duncan is entitled to exemplary damages.

*Potential Declaratory Judgment*

30.

In the event Comerica Bank does not acknowledge that the Guaranty and the Subordination and Intercreditor Agreement are unenforceable as to Duncan and will not be enforced but rather are considered null and void, Duncan will join Comerica Bank to this action. Duncan will seek a declaration that the Guaranty and the Subordination and Intercreditor Agreement are unenforceable and should be declared null and void.

31.

## REQUESTS FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff hereby requests that Defendant disclose, within fifty (50) days of service of this petition and request, the information or material described in Rule 194.2(a) through (k) of the Texas Rules of Civil Procedure.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Duncan asks this Court to set this matter for hearing and, upon final hearing, award him his actual damages, exemplary damages, costs, and such other and further relief to which he is justly entitled (including prejudgment and post-judgment interest at the maximum legal rate and as provided by law) at law and/or equity. Duncan also seeks injunctive relief. Duncan also, pursuant to Texas Rule of Civil Procedure 47(d), hereby demands judgment for all the other relief to which he deems himself entitled.

Respectfully submitted,

BRACEWELL & GIULIANI LLP
300 Convent Street, Suite 1500
San Antonio, Texas 78205
Telephone: (210) 226 1166
Facsimile: (800) 404 3970

Richard C. Danysh
State Bar No. 05377700
richard.danysh@bgllp.com
J. Tullos Wells
State Bar No. 21146500
tullos.wells@bgllp.com
Michael D. Bernard
State Bar No. 02211310
michael.bernard@bgllp.com

ATTORNEYS FOR PLAINTIFF TIM DUNCAN

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* **2015CI01502**    COURT *(FOR CLERK USE ONLY):* **224TH**

STYLED TIM DUNCAN V. CHARLES BANKS

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Richard Danysh  **Email:** richard.danysh@bgllp.com | **Plaintiff(s)/Petitioner(s):** Tim Duncan | ☒Attorney for Plaintiff/Petitioner ☐Pro Se Plaintiff/Petitioner ☐Title IV-D Agency ☐Other: |
| **Address:** 300 Convent St., Ste. 1500  **Telephone:** 210.299.3475 | **Defendant(s)/Respondent(s):** Charles Banks | Additional Parties in Child Support Case: Custodial Parent: |
| **City/State/Zip:** San Antonio, TX 78205  **Fax:** 800.404.3970 | | Non-Custodial Parent: |
| **Signature:** /s/  **State Bar No:** 05377700 | [Attach additional page as necessary to list all parties] | Presumed Father: |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* ☐Consumer/DTPA ☐Debt/Contract ☒Fraud/Misrepresentation ☒Other Debt/Contract: | ☐Assault/Battery ☐Construction ☐Defamation *Malpractice* ☐Accounting ☐Legal ☐Medical ☐Other Professional Liability: | ☐Eminent Domain/ Condemnation ☐Partition ☐Quiet Title ☐Trespass to Try Title ☐Other Property: | ☐Annulment ☐Declare Marriage Void *Divorce* ☐With Children ☐No Children | ☐Enforcement ☐Modification—Custody ☐Modification—Other |
| *Foreclosure* ☐Home Equity—Expedited ☐Other Foreclosure ☐Franchise ☐Insurance ☐Landlord/Tenant ☐Non-Competition ☐Partnership ☐Other Contract: | ☐Motor Vehicle Accident ☐Premises *Product Liability* ☐Asbestos/Silica ☐Other Product Liability List Product: _____ ☐Other Injury or Damage: | **Related to Criminal Matters** ☐Expunction ☐Judgment Nisi ☐Non-Disclosure ☐Seizure/Forfeiture ☐Writ of Habeas Corpus— Pre-indictment ☐Other: | **Other Family Law** ☐Enforce Foreign Judgment ☐Habeas Corpus ☐Name Change ☐Protective Order ☐Removal of Disabilities of Minority ☐Other: | **Title IV-D** ☐Enforcement/Modification ☐Paternity ☐Reciprocals (UIFSA) ☐Support Order  **Parent-Child Relationship** ☐Adoption/Adoption with Termination ☐Child Protection ☐Child Support ☐Custody or Visitation ☐Gestational Parenting ☐Grandparent Access ☐Parentage/Paternity ☐Termination of Parental Rights ☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination ☐Retaliation ☐Termination ☐Workers' Compensation ☐Other Employment: | ☐Administrative Appeal ☐Antitrust/Unfair Competition ☐Code Violations ☐Foreign Judgment ☐Intellectual Property | ☐Lawyer Discipline ☐Perpetuate Testimony ☐Securities/Stock ☐Tortious Interference ☐Other: | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐Tax Appraisal ☐Tax Delinquency ☐Other Tax | *Probate/Wills/Intestate Administration* ☐Dependent Administration ☐Independent Administration ☐Other Estate Proceedings | ☐Guardianship—Adult ☐Guardianship—Minor ☐Mental Health ☐Other: | | |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1):*

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court | ☐Declaratory Judgment | ☐Prejudgment Remedy |
| ☐Arbitration-related | ☐Garnishment | ☐Protective Order |
| ☐Attachment | ☐Interpleader | ☐Receiver |
| ☐Bill of Review | ☐License | ☐Sequestration |
| ☐Certiorari | ☐Mandamus | ☐Temporary Restraining Order/Injunction |
| ☐Class Action | ☐Post-judgment | ☐Turnover |

## 4. Indicate damages sought *(do not select if it is a family law case):*

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100, but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☒Over $1,000,000

# Exhibit B.3

FILED
2/2/2015 12:00:04 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Antonia Morales

BRACEWELL
& GIULIANI

| | |
|---|---|
| Texas | Richard C. Danysh |
| New York | Partner |
| Washington, DC | |
| Connecticut | +1.210.299.3475 Office |
| Seattle | +1.210.299.0106 Fax |
| Dubai | |
| London | Richard.Danysh@bgllp.com |

Bracewell & Giuliani LLP
930 Convent Street
Suite 1500
San Antonio, Texas
78205-3723

E-Filing

February 2, 2015

Donna McKinney
Bexar County District Clerk
Civil Filing Section
Paul Elizondo Tower
101 W. Nueva, Suite 217
San Antonio, Texas 78205

Re: Cause No. 2015CI01502; Tim Duncan v. Charles Banks; In the 224th Judicial
District Court of Bexar County, Texas

Dear Ms. McKinney:

Please issue three (3) duplicate citations in the referenced matter for service of Plaintiff's
Original Petition on Defendant Charles Banks. The citations will be served by private
process server.

Please do not hesitate to call me or my paralegal Madeleine Lutz at 210.299.3441 with any
questions.

Very truly yours,

Bracewell & Giuliani LLP

Richard C. Danysh

RCD/ml

# Exhibit B.4

PRIVATE PROCESS          Case Number: 2015-CI-01502

**TIM DUNCAN**
VS.
**CHARLES BANKS**
(Note: Attached Document May Contain Additional Litigants.)

2015CI01502 S00004

IN THE DISTRICT COURT
224th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: CHARLES BANKS



"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 29th day of January, 2015.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 4TH DAY OF FEBRUARY A.D., 2015.

PETITION

RICHARD C DANYSH
ATTORNEY FOR PLAINTIFF
300 CONVENT ST 1500
SAN ANTONIO, TX 78205-3730

**Donna Kay McKinney**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**
**San Antonio, Texas 78205**

By: *Jode Sanchez,* Deputy

---

### OFFICER'S RETURN

I received this citation on _____ at _____o'clock ___M. and:( ) **executed** it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ___M. at:_____ or ( ) **not executed** because _____ Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By: _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this _____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is_____, my date of birth is_____, and my address is _____, _____(County).
I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20_____.

Declarant

FILE COPY (DK002)

**DOCUMENT SCANNED AS FILED**

# Exhibit B.5

PRIVATE PROCESS                Case Number: 2015-CI-01502

**TIM DUNCAN**
**VS.**
**CHARLES BANKS**
(Note:Attached Document May Contain Additional Litigants.)

2015CI01502 S00003

IN THE DISTRICT COURT
224th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

### CITATION

"THE STATE OF TEXAS"

Directed To: CHARLES BANKS



"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 29th day of January, 2015.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 4TH DAY OF FEBRUARY A.D., 2015.

PETITION

RICHARD C DANYSH
ATTORNEY FOR PLAINTIFF
300 CONVENT ST 1500
SAN ANTONIO, TX 78205-3730

**Donna Kay McKinney**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**
**San Antonio, Texas 78205**

By: *Jode Sanchez,* Deputy

---

OFFICER'S RETURN

I received this citation on _____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ___M. at:_____ or ( ) not executed because _____ Fees:_____ Badge/PPS #:_____
Date certification expires:_____

_____County, Texas.

                                        By: _____
OR:  VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this
_____.

                              NOTARY PUBLIC, STATE OF TEXAS

OR:  My name is_____, my date of birth is_____, and my address is _____(County).
I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20_____.

                                        Declarant
                                                    FILE COPY (DK002)

DOCUMENT SCANNED AS FILED

# Exhibit B.6

Case Number: 2015-CI-01502

2015CI01502 S00002

**TIM DUNCAN**
**VS.**
**CHARLES BANKS**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
224th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

*Madeleine*
*2/5/15*

## CITATION

"THE STATE OF TEXAS"

Directed To: CHARLES BANKS

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 29th day of January, 2015.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 4TH DAY OF FEBRUARY A.D., 2015.

PETITION

RICHARD C DANYSH
ATTORNEY FOR PLAINTIFF
300 CONVENT ST 1500
SAN ANTONIO, TX 78205-3730



**Donna Kay M<sup>c</sup>Kinney**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**
**San Antonio, Texas 78205**

By: *Jode Sanchez*, Deputy

---

### OFFICER'S RETURN

I received this citation on _____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ___M. at:_____ or ( ) not executed because _____ Fees:_____ Badge/PPS #:_____
Date certification expires:_____

_____County, Texas

By :_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this _____.

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is_____, my date of birth is_____, and my address is _____, _____(County).
I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20_____.

Document Type: PLAINTIFFS ORIGINAL PETITION    Page 15 of 18

Declarant

FILE COPY (DK002)

**DOCUMENT SCANNED AS FILED**

# Exhibit B.7

Case Number: 2015-CI-01502



2015CI01502 S00001

**TIM DUNCAN**
**VS.**
**CHARLES BANKS**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
224th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: CHARLES BANKS

C R

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 29th day of January, 2015.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 30TH DAY OF JANUARY A.D., 2015.

PETITION

RICHARD C DANYSH
ATTORNEY FOR PLAINTIFF
300 CONVENT ST 1500
SAN ANTONIO, TX 78205-3730



**Donna Kay McKinney**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**
**San Antonio, Texas 78205**

By: *Jode Sanchez*, Deputy

OFFICER'S RETURN

I received this citation on _____ at _____o'clock ____M. and:(  ) executed it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ____M. at:_____ or (  ) not executed because _____, Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By :_____

OR:   VERIFICATION   OF   RETURN   (If   not   served   by   a   peace   officer)   SWORN   TO   this _____.

_____
NOTARY PUBLIC, STATE OF TEXAS

OR:   My name is_____, my date of birth is_____, and my address is _____,_____(County).
I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20_____.

Document Type: PLAINTIFFS ORIGINAL PETITION       Page 16 of 18

Declarant       FILE COPY (DK002)

**DOCUMENT SCANNED AS FILED**

# Exhibit B.8



**3 CITCML  SAC 1**

**Cause Number:** 2015CI01502

**District Court :** 224th



# Donna Kay M<sup>c</sup>Kinney
## Bexar County District Clerk

### Request for Process

Style: Tim Duncan                                        Vs. Charles Banks

**Request the following process:** (Please check all that Apply)

■ Citation ☐ Notice ☐ Temporary Restraining Order ☐ Notice of Application for Protective Order
☐ Temporary Protective Order ☐ Precept with hearing ☐ Precept *without* a hearing ☐ Writ of Attachment
☐ Writ of Habeas Corpus ☐ Writ of Garnishment ☐ Writ of Sequestration ☐ Capias ☐ Other: _____

**1.**
**Name:** Charles Banks
**Registered Agent/By Serving:** _____
**Address** 20 Valley Road N.W., Atlanta, Georgia 30305
**Service Type:** (Check One) ☐ *Private Process* ☐ *Sheriff* ☐ *Publication* (Check One) ☐ *Commercial Recorder* ☐ *Hart Beat* ☐ *Courthouse Door*
■ *Certified Mail* ☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Commissioner of Insurance*

**2.**
**Name:** Charles Banks
**Registered Agent/By Serving:** _____
**Address** Terroir Winery Fund, L.P., 7 W. Figueroa, 3rd Floor, Santa Barbara, CA 93101
**Service Type:** (Check One) ☐ *Private Process* ☐ *Sheriff* ☐ *Publication* (Check One) ☐ *Commercial Recorder* ☐ *Hart Beat* ☐ *Courthouse Door*
■ *Certified Mail* ☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Commissioner of Insurance*

**3.**
**Name:** Charles Banks
**Registered Agent/By Serving:** _____
**Address** Terroir Capital, 5882 South 900 East, Suite 101, Murray, UT 84121
**Service Type:** (Check One) ☐ *Private Process* ☐ *Sheriff* ☐ *Publication* (Check One) ☐ *Commercial Recorder* ☐ *Hart Beat* ☐ *Courthouse Door*
■ *Certified Mail* ☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Commissioner of Insurance*

**4.**
**Name:** _____
**Registered Agent/By Serving:** _____
**Address** _____
**Service Type:** (Check One) ☐ *Private Process* ☐ *Sheriff* ☐ *Publication* (Check One) ☐ *Commercial Recorder* ☐ *Hart Beat* ☐ *Courthouse Door*
☐ *Certified Mail* ☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Commissioner of Insurance*

**Title of Document/Pleading to be Attached to Process:** Plaintiff's Original Petition

**Name of Attorney/Pro se:** Richard C. Danysh          **Bar Number:** 05377700
**Address:** 300 Convent Street, Suite 1500               **Phone Number:** 210.226.1166
San Antonio, Texas 78205

**Attorney for Plaintiff** XXX          **Defendant** _____          **Other** _____

***\*\*\*\*IF SERVICE IS NOT PICKED UP WITHIN 14 BUSINESS DAYS, SERVICE WILL BE DESTROYED\*\*\*\****

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, DONNA KAY McKINNEY, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY. WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*February 25, 2015*

**DONNA KAY McKINNEY**
**BEXAR COUNTY, TEXAS**

By: _____

DANIEL GARCIA, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*

# Exhibit B.9

| | | |
|---|---|---|
| **TIM DUNCAN** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **BEXAR COUNTY, TEXAS** |
| | § | |
| | § | |
| **CHARLES BANKS,** | § | |
| *Defendant*. | § | **224TH JUDICIAL DISTRICT** |

_____

# DEFENDANT'S ORIGINAL ANSWER
_____

COMES NOW, Defendant Charles Banks, and files this his Original Answer to Plaintiff Tim Duncan's Original Petition, and will respectfully show the Court as follows:

## GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Charles Banks generally denies each and every allegation made in Duncan's Original Petition and demands strict proof thereof upon the preponderance of credible evidence.  As authorized by the Texas Rules of Civil Procedure, Banks reserves the right to amend this pleading before the trial of this cause on its merits.

## NON-WAIVER AND RESERVATION OF RIGHT TO AMEND ANSWER

2.      As authorized by the Texas Rules of Civil Procedure, Charles Banks reserves the right to amend this pleading.

3.      This pleading is filed without waiver of any other motions, rights and/or defenses, including as to venue and/or arbitration.

## AFFIRMATIVE DEFENSES

4.      Plaintiff's Original Petition fails to state a claim upon which relief can be granted.

5.      Plaintiff's claims fail for lack of subject-matter jurisdiction.

6.      Plaintiff's claims are barred by the doctrine of estoppel.

7.      Plaintiff's claims are barred by the doctrine of waiver.

8.      Plaintiff's claims are barred by the statute of limitations and the doctrine of laches.

9.      Plaintiff's claims fail because Duncan ratified Banks' actions.

10.     Plaintiff's claims are barred by the doctrine of accord and satisfaction.

11.     Plaintiff's recovery is limited by his failure to mitigate damages.

12.     Plaintiff's claims should be dismissed because the dispute is covered by valid and enforceable arbitration clauses.

13.     Plaintiff's exemplary damages, if any, are capped by Texas Civil Practice and Remedies Code § 41.008(b) and the Due Process Clause of the United States and Texas Constitutions.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Charles Banks prays that Plaintiff Tim Duncan take nothing; that costs be adjudged against Duncan; and for such other and further relief, both general and special, at law and in equity, to which Banks may show himself justly entitled.

Respectfully submitted,

**LOCKE LORD LLP**


By:  *\/s\/ Janet E. Militello*

    Janet E. Militello
    Texas Bar No. 14051200
    2800 JP Morgan Chase Tower
    600 Travis Street
    Houston, Texas  77002
    (713) 226-1200 (telephone)
    (713) 223-3717 (facsimile)
    jmilitello@lockelord.com

    ATTORNEYS FOR DEFENDANT CHARLES
    BANKS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served on counsel of record on February 25, 2014 via the electronic filing manager, or, if the email address of counsel is not on file with the electronic filing manager, as indicated below:

*via certified mail return receipt requested*

Richard C. Danysh
J. Tullos Wells
Michael D. Bernard
Bracewell & Giuliani LLP
300 Convent Street, Suite 1500
San Antonio, Texas 78205
(210) 226-1166 – *telephone*
(800) 404-3970 - *facsimile*

*/s/ Janet E. Militello*
Janet E. Militello