# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TIM DUNCAN, | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. SA-15-CV-148-XR |
| CHARLES BANKS, | § | |
| *Defendant*. | § | |

## ORDER ON MOTION TO REOPEN CIVIL MATTER AND TO LIFT STAY

Before the Court is Plaintiff Tim Duncan's Motion to Reopen Civil Matter and to Lift Stay, Docket no. 70. Plaintiff requests that this Court reopen and lift the stay of this civil proceeding to allow discovery to resume so this case may move toward resolution. After careful consideration of Plaintiff's motion, Defendant's response (Docket no. 72), Plaintiff's reply (Docket no. 73), and the relevant case law, this Court hereby **GRANTS** Plaintiff's Motion to Reopen Civil Matter and to Lift Stay.

### Background

Plaintiff filed this civil action against his former financial adviser, Defendant Charles Banks, for breach of fiduciary duty related to investments made by and through Banks on Plaintiff's behalf, allegedly procured through fraud. This case was removed to this Court on February 26, 2015, and subsequently broken into three parts when the claims related to Plaintiff's investments in Gameday Entertainment LLC (Gameday) were transferred to the

1

District of Colorado, Denver Division, certain other claims were sent to arbitration, and the claims related to Plaintiff's investment in Le Metier Beauty Investment Partners LLC (LMBIP) were retained by this Court. Docket no. 1; Docket no. 49.

On Sept. 8, 2016, a federal grand jury criminally indicted Defendant on two counts of wire fraud relating to those transactions involving Gameday. Docket no. 67 at 1. Thereafter, Defendant moved this Court to stay this civil action pending resolution of the related criminal matter, styled *United States v. Charles Augustus Banks IV*, No. SA:16-CR-00618(1)-FB. Docket no. 67. This Court granted Defendant's Unopposed Motion to Stay Civil Action. Docket no. 68.

In the criminal matter, Defendant pled guilty to one count of wire fraud, and was sentenced to forty-eight (48) months in prison and ordered to pay $7.5 million in restitution to Duncan. Docket no. 72 at 2. On July 18, 2017, Defendant filed a Notice of Appeal, appealing both his sentence and the order of restitution to the United States Court of Appeals for the Fifth Circuit. Defendant's criminal appeal, designated *United States v. Charles Banks, IV*, No. 17-50654, is currently pending before the Fifth Circuit. *Id*.

On August 23, 2017, Plaintiff filed his Motion to Reopen Civil Matter and to Lift Stay. Docket no. 70. Defendant, in opposing Plaintiff's motion, contends that continued implications on his Fifth Amendment rights necessitate maintaining the stay of this civil action until his criminal appeal is complete because, contingent on the outcome of his criminal appeal, Defendant could potentially face a second sentencing hearing, possibly involving new testimony and evidence. Docket no. 72 at 1, 4. Plaintiff responds that, because the civil and criminal cases each pertain to separate investments, Defendant's Fifth Amendment necessity is too speculative and attenuated at this late of a point in the criminal proceedings, especially considering

2

Defendant's guilty plea in the criminal case, and that, after waiting for one year, Plaintiff should not be forced to suffer further delay in the resolution of this civil case. Docket no. 73 at 2.

**Legal Standard**

There is no federal constitutional, statutory, or common law rule prohibiting simultaneous prosecution of parallel civil and criminal proceedings. *Sec. Exch. Comm'n v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981); *Bean v. Alcorta*, 220 F. Supp. 3d 772 (W.D. Tex. 2016). However, in special circumstances, a district court, consistent with its inherent powers to control the course of cases on its docket, has the authority to "stay one of the proceedings pending completion of the other to prevent a party from suffering substantial and irreparable prejudice." *First Fin. Grp. of Tex., Inc.*, 659 F.2d at 668. It is well settled that preserving "a defendant's Fifth Amendment right against self-incrimination and to resolve the conflict he would face between asserting this right and defending the civil action" constitutes such a special circumstance. *Bean*, 220 F. Supp. 3d at 775 (quoting *Alcala v. Tex. Webb Cty.*, 625 F.Supp.2d 391, 397 (S.D. Tex. 2009)). "However, a mere relationship between civil and criminal proceedings does not necessarily warrant a stay." *Bean*, 220 F. Supp. 3d at 775 (quoting *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 761–62 (W.D. Tex. 2008)) (internal quotation marks omitted).

The applicability of the Fifth Amendment in civil proceedings has been the subject of much judicial scrutiny. *See, e.g.*, *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 761–62 (W.D. Tex. 2008) (quoting *Nat'l Acceptance Co. of Am. v. Bathalter*, 705 F.2d 924, 926 (7th Cir. 1983)) (internal quotation marks omitted) ("Though by its terms applicable only in criminal proceedings, the Fifth Amendment privilege against self-incrimination has long been held to extend to compelling answers by parties or witnesses in civil

litigation . . . wherever the answer might tend to subject to criminal responsibility him who gives it."). Under Fifth Circuit law, "a blanket invocation of the [F]ifth [A]mendment privilege is insufficient to relieve a civil litigant of the responsibility to answer questions put to him during the civil discovery process . . . ." *First Fin. Group of Tex., Inc.*, 659 F.2d at 668. A party asserting their Fifth Amendment right in a civil proceeding "must present himself with his records for questioning, and as to each question and each record elect to raise or not to raise the defense." *Id.* (citing *United States v. Roundtree*, 420 F.2d 845, 852 (5th Cir. 1969)). The court then determines the validity of the privilege with respect to each inquiry, and a party "is entitled to invoke the privilege only as to genuinely threatening questions." *Id.* (quoting *United States v. Melchor Moreno*, 536 F.2d 1042, 1049 (5th Cir. 1976)) (internal quotation marks omitted). A party to parallel civil and criminal proceedings is excused from responding to all relevant inquiries on the civil side "[o]nly where the court finds that he could 'legitimately refuse to answer essentially all relevant questions' because of the threat of incrimination." *Id.* (quoting *United States v. Gomez-Rojas*, 507 F.2d 1213, 1220 (5th Cir. 1975)).

When a defendant requests a stay of the civil proceedings based on a conflict of interest with their Fifth Amendment privilege, courts consider the following six factors to determine whether a stay of the civil proceedings is warranted:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Bean*, 220 F. Supp. 3d at 775; *Alcala v. Tex. Webb Cty.*, 625 F. Supp. 2d 391, 397 (S.D. Tex. 2009); *Sec. Exch. Comm'n v. Mutuals.com, Inc.*, No. 3:03-CV-2912-D, 2004 WL 1629929, at *3

(N.D. Tex. July 20, 2004); *Frierson v. City of Terrell*, No. 3:02-CV-2340-H, 2003 WL 21355969, at *2 (N.D. Tex. June 6, 2003). Therefore, because Defendant argues that lifting the stay in this civil action will implicate his Fifth Amendment rights during his criminal appeal and "unfairly prejudice his ability to defend this case," Plaintiff's Motion to Reopen Civil Matter and to Lift Stay (Docket no. 70) will only be granted if this Court determines, under the six-factor analysis, that lifting the stay of the civil matter would not unduly expose Defendant to a risk self-incrimination or otherwise infringe on Defendant's Fifth Amendment rights. *See Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962) (citations omitted) ("In some situations it may be appropriate to stay the civil proceeding. In others it may be preferable for the civil suit to proceed- unstayed. In the proper case the trial judge should use his discretion to narrow the range of discovery."); Docket no. 72 at 4.

## Analysis

### 1) The Extent to Which the Issues in the Criminal Case Overlap with Those Presented in the Civil Case

This first factor is generally regarded as the most important factor in the analysis. *See, e.g.*, *Bean*, 220 F. Supp. 3d at 775–76; *Meyers v. Pamerleau*, No. 5:15-CV-524-DAE, 2016 WL 393552, at *5 (W.D. Tex. Feb. 1, 2016); *Frierson*, 2003 WL 21355969, at *2. Where the subject matter of the civil and criminal cases significantly overlaps, there is a greater risk of self-incrimination and this factor weighs in favor of a stay; conversely, where there is no overlap between the subject matter of the civil and criminal cases, there is no danger of self-incrimination and accordingly no need for a stay. *Bean*, 220 F. Supp. 3d at 776 (citing *Sec. Exch. Comm'n v. AmeriFirst Funding, Inc.*, No. 3:07-CV-1188-D, 2008 WL 866065, at *2 (N.D. Tex. Mar. 17, 2008)).

Here, both parties acknowledge that the civil and criminal cases, respectively, involve "entirely separate investment[s]." Docket no. 72 at 2; Docket no. 73 at 4. Defendant was criminally indicted only for his role in the transactions related to Gameday. Indictment at 3–7, *United States v. Charles Augustus Banks IV*, No. SA:16-CR-00618(1)-FB (W.D. Tex. Sep. 8, 2016). This civil suit, however, pertains to Plaintiff's investment in LMBIP, for which Defendant was not criminally indicted. *See id.* (describing facts related solely to investments and transactions involving Gameday as the basis for the criminal indictment); Docket no. 73 at 4. Although the criminal and civil matters involve the same course of dealing between Plaintiff and Defendant, the civil and criminal cases are not parallel proceedings because the underlying facts specific to each investment differ from one another. This Court therefore finds that there is not significant overlap between the civil and criminal cases, and Defendant has pointed to no specific facts in this litigation that might be relevant to the criminal re-sentencing, should it occur, and as such this factor weighs in favor of lifting the stay.

**2) The Status of the Criminal Case**

As previously discussed, the status of the criminal case is that Defendant pled guilty to one count of wire fraud and is currently appealing his sentence. Docket no. 72 at 2. Prior cases maintaining the stay of civil proceedings throughout the criminal appeal process have done so on the basis that the defendant was appealing their conviction, and thus the defendant's dilemma of having their Fifth Amendment right undermined by having to defend the civil action was still an issue. *See, e.g.*, *Bean*, 220 F. Supp. 3d at 778 (reinstating a stay of the civil side of parallel civil and criminal proceedings while the defendant directly appealed her criminal conviction). Because Defendant pled guilty in the criminal case, his criminal conviction is not in dispute on appeal. Accordingly, to the extent of determining his guilt or innocence in the criminal

6

proceedings, Defendant's Fifth Amendment rights are no longer implicated by this civil case. And, as noted, Defendant has pointed to no specific information that may be developed in this case that could potentially implicate him in any future re-sentencing in the criminal case. Therefore, this Court finds that this factor weighs in favor of lifting the stay.

### 3) The Private Interests of Plaintiff in Proceeding Expeditiously, Weighed Against the Prejudice to Plaintiff Caused by the Delay

Plaintiffs have general interests "in the prompt resolution of [their] claims and in obtaining discovery while information is still fresh in witnesses' minds." *Mutuals.com, Inc.*, 2004 WL 1629929, at *3 (quoting *Sec. Exch. Comm'n v. Mersky*, No. CIV. A. 93–5200, 1994 WL 22305, at *3 (E.D. Pa. Jan. 25, 1994)). However, to prove this factor weighs against stay, this Court requires plaintiffs to show that the stay would prejudice them in some way other than just delaying the civil proceedings, such as discovery that would later become unavailable, witnesses being unable to testify in the future, or degradation of evidence. *Bean*, 220 F. Supp. 3d at 777; *Gonzalez*, 571 F. Supp. 2d at 763; *Akuna Matata Invs., Ltd. v. Tex. Nom. Ltd. P'ship*, No. SA-05-CV-1503-FB, 2008 WL 2781198, at *3 (W.D. Tex. Apr. 14, 2008).

Defendant asserts that Plaintiff has made no showing of prejudice other than delay, and further argues that Plaintiff's "prejudice by keeping the stay in place would be minimal when taking into consideration that [Defendant] has already paid the full $7.5 million restitution amount plus interest into the court registry." Docket no. 72 at 5. Although Defendant correctly points out that Plaintiff has not proven any additional prejudice other than delay, Defendant's analysis that the $7.5 million restitution award in the criminal case diminishes the importance of Plaintiff's potential recovery in this civil case is wholly irrelevant. *See id.* As previously stated, the subject matter of the criminal and civil cases do not overlap because each case respectively

7

pertains to a separate investment; therefore, the remedies administered in each case are mutually exclusive and do not affect one another.

Plaintiff will undoubtedly suffer prejudice from further delay of these civil proceedings because Plaintiff's interests in the resolution of this civil case are different from the government's interests in prosecuting the criminal case. *See Alcala*, 625 F. Supp. 2d at 405 ("Because the Plaintiffs are not parties to the criminal case, a delay in their civil case could be prejudicial. When the government is a party to both the civil and criminal actions, a delay in the civil case may not be as significant."). However, despite the different subject matter of the civil and criminal cases and the fact that Defendant's Fifth Amendment implications are weakened by his guilty plea in the criminal case, because Plaintiff has not shown that he will suffer any additional prejudice beyond just delay to his ability to pursue this civil claim, this Court finds that this factor is neutral to lifting stay.

### 4) The Private Interests of and Burden on Defendant

Defendant argues that he will be "irreparably harmed" by lifting the stay of this civil proceeding because, "[d]epending on the outcome of the Criminal Appeal, [Defendant] may be back in front of the District Court for re-sentencing in the near future . . . ." Docket no. 72 at 3. Defendant further asserts that, if he "were to be deposed in this case before any appeal and possible re-sentencing in the Criminal Matter, he would most likely assert his Fifth Amendment rights, which would unfairly prejudice his ability to defend this case." *Id*. at 4. However, a party to a civil case must selectively invoke his Fifth Amendment right as to specific inquiries, and the court then determines whether to sustain the privilege with respect to each inquiry. *First Fin. Group of Tex., Inc.*, 659 F.2d at 668.

8

Here, Defendant has not specifically shown how he would selectively invoke his Fifth Amendment right if the stay were to be lifted; he has stated only that "he would most likely assert his Fifth Amendment rights" if discovery were to be reopened in this civil case before final resolution of his criminal appeal, which is insufficient under Fifth Circuit law. *See id*. ("This Court has held that such a blanket assertion of the privilege is insufficient to relieve a party of the duty to respond to questions put to him . . . ."). Furthermore, Defendant's alleged Fifth Amendment necessity is heavily contingent upon uncertain aspects of his criminal appeal process, evidenced by Defendant's use of rhetoric such as "*potentially* at a re-sentencing," "*could* include an evidentiary hearing," and "*may* well involve new testimony and evidence." Docket no. 72 at 1–3 (emphasis added). Defendant's highly attenuated necessity to maintain the stay of these civil proceedings based on his Fifth Amendment rights, in light of his guilty plea in the criminal case, is not sufficient to prove a level of prejudice that would warrant maintaining the stay, especially given this Court's power to control discovery. *See Campbell*, 307 F.2d at 487 ("In the proper case the trial judge should use his discretion to narrow the range of discovery."). Therefore, this Court finds that this factor does not weigh in favor of maintaining the stay.

### 5) The Interests of the Court

"In determining the propriety of a stay, a court can consider its own interests in efficient administration and judicial economy." *Gonzalez*, 571 F. Supp. 2d at 765. Such interests include, but are not limited to, judicial efficiency and judicial expediency. *Alcala*, 625 F. Supp. 2d at 406–07. Considering judicial efficiency, a court must analyze the extent to which the outcome of the criminal proceeding would simplify the issues in the civil proceeding. *Id*. at 406. Here, final resolution of the criminal case would not alter the issues in this civil case because there is

no overlap in the subject matter of the two cases. Thus, regardless of the outcome of the criminal proceedings regarding Defendant's role in Gameday, this Court would still need to resolve these civil proceedings regarding Plaintiff's investment in LMBIP.

Furthermore, considering judicial expediency, a court has "an obligation to move its docket, and not let cases languish before it." *Id.* at 407 (quoting *In re Scrap Metal Antitrust Litig.*, No. 1:02–CV–0844, 2002 WL 31988168, at *7 (N.D. Ohio Nov. 7, 2002)). At present, this civil case has been administratively closed for over one year, and maintaining the stay will further delay the resolution of this case. *See* Docket no. 68. Given the inevitability that this Court will resolve this civil dispute, and the obligation on this Court to do so in a timely manner, this Court finds that its own interests weigh in favor of lifting the stay.

**6) The Public Interest**

The public has simultaneous interests in the resolution of civil cases with minimal delay, prosecuting criminal cases, and in maintaining the integrity of criminal defendants' constitutional rights. *Bean*, 220 F.Supp.3d at 778; *Alcala*, 625 F.Supp.2d at 407. "Accordingly, where denying a stay risks endangering a defendant's Fifth Amendment rights and granting a stay will not significantly delay this case because Defendant's direct criminal appeal is limited, this factor weighs in favor of a stay." *Bean*, 220 F.Supp.3d at 778. Here, lifting the stay of these civil proceedings will not endanger Defendant's Fifth Amendment rights during his criminal appeal because Defendant pled guilty and is appealing only his sentence; thus the facts upon which his conviction are based are no longer in dispute. *See* Docket no. 72 at 2. However, maintaining the stay of these civil proceedings does risk significantly delaying the resolution of this case. Therefore, this Court finds that the public's interest in prompt resolution of this civil case, at this point in the criminal proceedings, is greater than the public's interest in maintaining the integrity

of Defendant's Fifth Amendment right, which was determined to not be at risk. Accordingly, this factor weighs in favor of lifting the stay.

## Conclusion

Because the six-factor analysis weighs in favor of lifting the stay of these civil proceedings, this Court hereby **GRANTS** Plaintiff's Motion to Reopen Civil Matter and to Lift Stay, Docket no. 70. "Where the district court finds that a stay is not necessary to protect a party's Fifth Amendment rights, it may exercise its discretion to postpone civil discovery, or impose protective orders and conditions, to protect a party's rights." *Meyers v. Pamerleau*, No. 5:15-CV-524-DAE, 2016 WL 393552, at *5 (W.D. Tex. Feb. 1, 2016). The Court will consider motions to seal discovery or other protective measures, should they become necessary, to protect Defendant's Fifth Amendment rights as this civil case progresses. The parties are to confer and submit a proposed scheduling order within fourteen days.

SIGNED this 24th day of October, 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE